IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAWUENA KODJO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-0679 |
| | ) |
| TYSON FOODS, | ) Judge Sharp |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Mawuena Kodjo has filed a *pro se* complaint asserting claims under Title VII of the Civil Rights Act for discrimination on the basis of race and national origin. Before the Court is the plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full fee required for the filing of a complaint, the application is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint, or any claim asserted therein, to the extent it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In his complaint, the plaintiff asserts that he was formerly employed by defendant Tyson Foods. The plaintiff alleges that he is a member of a protected class, that he was subjected to adverse employment actions by Tyson Foods, and that other employees who are not members of a protected class were treated more favorably than he under similar circumstances. For purposes of 28 U.S.C. § 1915(e)(2), the Court finds that the complaint states a colorable claim of discrimination in violation of Title

VII against Tyson Foods that is not facially frivolous or malicious. Accordingly, the Clerk is directed to **ISSUE PROCESS** to the defendant.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge