UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| MAWUENA KODJO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00007 |
| | ) | |
| v. | ) | JUDGE MATTICE |
| | ) | MAGISTRATE JUDGE CARTER |
| TYSON FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Tyson Foods, Inc. ("Tyson") hereby submits its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for failure to state a claim. For the reasons set forth below, Tyson respectfully submits that Plaintiff's claims should be dismissed with prejudice in their entirety.

### I. BACKGROUND

On July 11, 2013, Plaintiff Mawuena Kodjo ("Plaintiff") filed a *pro se* Complaint asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(g), for discrimination on the basis of race and national origin. [Compl. ¶ 8, Dkt. No. 1]. Plaintiff was employed by Tyson from October 20, 2008, until March 21, 2012. [Dkt. No. 1-1]. On May 23, 2012, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination based on national origin.[1] [Compl. ¶ 6, Dkt. No. 1; *see also* Dkt. No. 1-1]. Plaintiff received his Notice of Right to Sue letter on April 11, 2013. [Compl. ¶ 7; Dkt. No. 1-2].

---

[1] Plaintiff failed to file an EEOC Charge alleging discrimination on the basis of race. Pursuant to the provisions of Title VII, an individual must first file a charge of discrimination with the EEOC as a jurisdictional prerequisite to filing a civil action. 29 U.S.C. § 623(d); *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F. 3d 460, 463 (6th Cir. 1998).

On July 11, 2013, Plaintiff filed suit in the Middle District of Tennessee. [Compl. generally, Dkt. No. 1]. In response, Tyson filed a Motion to Dismiss Plaintiff's Complaint for improper venue and for failure to state a claim upon which relief can be granted. [Dkt. Nos. 11 and 12]. On January 20, 2013, the Middle District issued an order transferring the case to the Eastern District of Tennessee. [Dkt. No. 17]. The Middle District did not address the merits of Tyson's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. [*See* Dkt. No. 14, p. 4].

Accordingly, Tyson submits that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's claims are time-barred.

## II. ARGUMENT

### A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BECAUSE PLAINTIFF'S CLAIMS ARE TIME-BARRED

#### i. Standard for Granting a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Plaintiff's claims are time-barred. When considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and construe them in a light most favorable to the plaintiff. *Gone To The Beach, LLC* v. *Choicepoint Services, Inc.*, 434 F.Supp.2d 534, 537 (W.D. Tenn. 2006) (citations omitted). "[T]he facts, as alleged by plaintiff, cannot be disbelieved by the court." *Williams v. Sears, Roebuck & Co.,* 143 F.Supp.2d 941, 944 (W.D. Tenn. 2001) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "A court may dismiss a complaint [under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Gone To The Beach, LLC*, 434 F.Supp.2d at 537 (citations omitted).

N MMS01 1275034 v1
2826048-000015 02/17/2014

### ii. Plaintiff's Claims Should Be Dismissed Because They Are Time-Barred

"An employment discrimination suit under Title VII must be filed within ninety days of Plaintiff's receipt of a right to sue letter from the EEOC." *Williams,* 143 F.Supp.2d at 944 (citing 42 U.S.C. § 2000e–5(f)(1)); *see also Newsome v. Holiday Inn Express*, 803 F.Supp.2d 836, 841 (W.D. Tenn. 2011). "Failure to bring suit within the prescribed ninety day limit is grounds for dismissal." *Williams,* 143 F.Supp.2d at 944 (citations omitted). The Federal Courts strictly enforce Title VII's 90-day statutory limit. *Id.* If the evidence demonstrates that the plaintiff commenced his lawsuit "beyond the ambit of limitations, in the absence of a waiver, estoppel, or compelling justification or excuse which tolled limitations..., a summary dismissal of the complaint should be sustained." *Id.* (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393-94 (1982); *Graham–Humphreys v. Memphis Brooks Museum of Art. Inc.,* 209 F.3d 552, 557 n. 8 (6th Cir. 2000) (citations omitted).

It is undisputed that Plaintiff filed his Complaint more than 90 days after receipt of the Right to Sue letter from the EEOC. In his Complaint, Plaintiff states he received his EEOC Right to Sue letter on April 11, 2013. [Compl. ¶ 7, Dkt. No. 1]. Plaintiff filed this lawsuit on July 11, 2013, which was 91 days later. [Compl. generally, Dkt. No. 1]. "Title VII's ninety day period applies to [*pro se*] plaintiffs, and even one day's delay is fatal to a claim." *Williams,* 143 F.Supp.2d at 945 (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 150 (1984); *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984); *Wilson v. Doctors Hosp. of Hyde Park,* 909 F. Supp. 580, 581 (N.D. Ill. 1996) ("'dismissing *pro se* plaintiff's Title VII claim filed ninety one days after receipt of right to sue letter'"); *Peete v. Am Standard Graphic*, 885 F.2d 331, 332 (6th Cir. 1989)). Accordingly, Plaintiff's claims are time-barred and should be dismissed.

N MMS01 1275034 v1
2826048-000015 02/17/2014

### iii. The Ninety Day Limitation Period Should Not Be Tolled

Additionally, Plaintiff's 90-day statutory deadline should not be tolled. Equitable tolling should be applied sparingly and only when exceptional circumstances prevent timely filing through no fault of the plaintiff. *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002). Equitable tolling is applied "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Williams,* 143 F.Supp.2d at 945-96 (citations omitted). Neither of those situations are present in this case. Instead, the EEOC notified Plaintiff that his lawsuit must be filed within 90 days of his receipt of the Right to Sue letter. [Dkt. No. 1-2]. Plaintiff admitted in his Complaint that he received the Right to Sue letter on April 11, 2013, and filed suit on July 11, 2013, 91 days later. [Compl. ¶ 7, Dkt. No. 1]. *See Graham-Humphreys*, 209 F.3d at 561 (citations omitted) (holding "absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Similar to parties represented by counsel, a *pro se* litigant is required to follow the law. *Id.* "[A] willfully unrepresented *plaintiff* volitionally assumes the risks and accepts the hazards which accompany self-representation." *Id.* (citations omitted). "It is well settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Id.* (citations omitted). In fact, the Supreme Court remarked in *McNeil v. United States,* 508 U.S. 106 (1993) as follows: "'we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Id.* (citing *McNeil,* 508 U.S. at 113). Similarly, in the case of *Johnson v. U.S. Postal Serv.,* 863 F.2d 48 (6th Cir. 1988), the Sixth Circuit held that although Ms. Johnson was proceeding *pro se*, that fact did not justify

4

application of the doctrine of equitable tolling where Ms. Johnson missed her filing deadline by one day. *Williams,* 143 F.Supp.2d at 945 (citing *Johnson*, 863 F.2d 48 (6th Cir. 1988). The Court reasoned as follows: "'If courts were to toll the limitation period whenever a plaintiff was one day late, the effect would be to create a [ninety one day] limitation period.'" *Id.* Accordingly, Plaintiff's 90-day statutory deadline should not be tolled.

### III. CONCLUSION

For the foregoing reasons, Tyson respectfully requests that this Court dismiss Plaintiff's claims against it, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Kenneth A. Weber
Kenneth A. Weber (#15730)
Megan M. Sutton (#29419)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5600
(615) 744-7369 (facsimile)

Attorneys for Defendant
Tyson Foods

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2014, a copy of the foregoing *Defendant's Memorandum in Support of its Motion to Dismiss* was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to the parties below. The parties may access these filings through the Court's electronic filing system:

Mawuena Kodjo
5101 Linbar Drive
Apartment H315
Nashville, TN 37211

                                                            s/ Kenneth A. Weber
                                                            Kenneth A. Weber