UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

MAWUENA KODJO,                )
                             )
*Plaintiff,*                  )
                             )          Case No. 4:14-cv-7
v.                           )
                             )          Judge Mattice
TYSON FOODS FARM,            )          Magistrate Judge
                             )
*Defendant.*                  )
                             )

## ORDER

Before the Court is Defendant's unopposed Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 19). For the reasons stated hereafter, Defendant's Motion to Dismiss (Doc. 19) will be **GRANTED**.

## I.    BACKGROUND

Plaintiff filed his Complaint in this action on July 11, 2013 in the Middle District of Tennessee. (Doc. 1). On July 15, 2013, United States District Judge Kevin H. Sharp referred this matter to Magistrate Judge E. Clifton Knowles, "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions . . . and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court." (Doc. 3 at 2). On August 12, 2013, Defendant filed a Motion to Dismiss Plaintiff's claims, on the basis that Plaintiff's claims were time barred and brought in the improper venue. (Doc. 12). On September 30, 2013, Defendant filed a Motion to Enter Order Granting Motion to Dismiss. (Doc. 13). On November 15, 2013, Magistrate Judge Knowles filed his Report and Recommendation, recommending that this action be transferred to this District.

(Doc. 14). Magistrate Judge Knowles also summarized the facts of Plaintiff's claims as follows:

> Plaintiff filed this pro se, in forma pauperis, Title VII action alleging that Defendant discriminated against him on the basis of his race and national origin. Docket Nos. 1, 3. Plaintiff also avers that he was wrongfully terminated; that Defendant "has mistreated my other family members (father and brother) who ended up been [sic] fired or quitted"; that management "failed to protect" him and ignored his workplace complaints; and that he has "been disciplined multiple times for no reason or for facts that are tolerated to other workers." Docket No. 1. Plaintiff further avers:
>
>> On July 29, 2011 I was suspended for 3 days without pay as a line leader for having a work related argument with another line leader who was not suspended because she has a different origin than mine. On March 16, 2012 I was suspended for 3 days and terminated because my clock's alarm went off my pocket while I was in meeting with a supervisor. In fact two people have had alarms went off their pocket at a meeting and interview but were not suspended. They are different races and origins other than me.
>
> *Id.*
>
> Plaintiff filed his Charge of Discrimination with the Tennessee Human Rights Commission on May 23, 2012. *Id.* In it, Plaintiff alleged discrimination based only upon national origin. *Id.* Specifically, Plaintiff averred:
>
>> I am an individual of Togo national origin. I was employed by the Respondent beginning on October 20, 2008 as a Team Member. On July 29, 2011 I was suspended for 3 days without pay. In September, 2011 I was demoted from Team Leader to Team Member. On March 21, 2012 I was terminated. The reason given for my discharge was violating the cell phone policy. I believe that I was discriminated against because of my national origin/Togo, in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> *Id.*
>
> On April 11, 2013, the EEOC issued Plaintiff a Right To Sue letter. *Id.* That letter advised Plaintiff that he had 90 days from the receipt of the letter in which to file suit in this Court. *Id.* Plaintiff filed this action on July 11, 2013. *Id.* Plaintiff seeks reinstatement, $14,500 plus interest in back pay, $5,880 in compensatory damages, and $100,000 in punitive damages. *Id.*

(Doc. 14 at 1-2).

On January 30, 2014, Judge Sharp accepted and approved Magistrate Judge Knowles' Report and Recommendation and ordered the Clerk of the Court to transfer this action to the Eastern District of Tennessee.[1] (Doc. 17). On January 31, 2013, this action was transferred to the Eastern District of Tennessee. On February 17, 2014, Defendant filed a Motion to Dismiss Plaintiff's claims on the basis that they are time barred. (Doc. 19). To date, Plaintiff has not responded to either of Defendant's Motions to Dismiss, Defendant's Motion to Enter Order Granting Motion to Dismiss, or filed objections to Magistrate Knowles' Report and Recommendations.

## II. STANDARD OF LAW

The Federal Rules of Civil Procedure provide, in relevant part, that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). While Rule 8(a) does not require plaintiffs to set forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). At a minimum, Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – that is, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 556 n.3 (2007). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is thus not a challenge to the plaintiff's factual allegations, but rather, a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010).

---

[1] Although Judge Sharp did not rule on Defendant's Motion to Dismiss (Doc. 11) and Motion to Enter Order Granting Motion to Dismiss (Doc. 13), these motions were effectively made moot when this action was transferred and Defendant filed its second Motion to Dismiss based solely on a time-barred argument. (Doc. 19).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *Twombly*, 550 U.S. at 570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although the Court must take all of the factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

The Court notes that Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank,* 681 F.3d 355, 358 (6th Cir. 2012). The Court is "not, [however,] require[d] to either guess the nature of or create a litigant's claim." *See, e.g., Leeds v. City of*

*Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Fed. R. Civ. P. 8(a). *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

Additionally, in this case, Plaintiff did not respond to Defendant's Motion to Dismiss. "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. U.S. Att'y Gen. Office*, 279 F. App'x 328 (6th Cir. 2008) (quotation omitted).

## III.   ANALYSIS

In its Motion to Dismiss, Defendant argues that Plaintiff's claims must be dismissed because they are time-barred. (Doc. 19). Specifically, Defendant argues that Plaintiff failed to file his complaint within the 90-day window after receiving his Right to Sue letter from the EEOC. (Doc. 19 at 3).

Before filing a federal action, a Title VII Plaintiff must "satisf[y] the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). Title VII

provides that an aggrieved person may bring a civil action against his employer within 90 days of receiving a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Sixth Circuit has held that the prescribed 90-day period is a "condition precedent to filing an action in federal court." *Page v. Metro. Sewer Dist. of Louisville & Jefferson County*, 84 Fed. App'x 583, 585 (6th Cir. 2003). Federal courts "strictly enforce" the filing period, and this Court does not have the power to extend this statutory period. *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 (6th Cir. 2000); *Hall v. Kroger Baking Co.*, 520 F.2d 1204, 1205 (6th Cir. 1975). The 90-day time period begins to run when Plaintiff actually receives the right-to- sue letter, and it operates similarly to a statute of limitations. *Peete v. American Standard Graphic*, 885 F.2d 331 (6th Cir. 1989) (affirming a summary judgment order dismissing a case that was filed one day late); *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 620 (6th Cir. 1983).

In the case at bar, Plaintiff admits that he received the Notice of Right to Sue on April 11, 2013. (Doc. 1 at 2). Accordingly, in order to file his claim within the 90-day time period, Plaintiff would need to file his claim by July 10, 2013.[2] As Plaintiff filed his claim on July 11, 2013, one day after the deadline, it is clear that Plaintiff's Complaint was not filed within the 90-day time limit imposed by § 2000e-5(f)(1). S*ee Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 1239 (U.S. 2013) ("sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate."). However, although plaintiff has failed to meet the timely filing

---

[2] The Court notes that, in situations in which the plaintiff has not admitted actual notice on a certain date, there are certain exceptions to extend the 90-day time period. *See* Federal Rule of Civil Procedure 6(e); *Graham–Humphreys*, 209 F.3d at 558 n. 9. Because Plaintiff has admitted actual notice on a certain date, these exceptions do not apply to this action.

requirement, the 90-day time period is not a jurisdictional issue and is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines,* 455 U.S. 385, 393 (1982). Therefore, the only remaining question for the Court is whether Plaintiff is entitled to equitable tolling of the 90-day time period to file his claims.

In considering the applicability of equitable tolling to this action, the Court notes that it is the plaintiff's burden to establish that he is entitled to equitable tolling. *Hampton v. Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003) ("It is the burden of the employee in such an instance to plead and prove facts supporting equitable avoidance of a timeliness defense"). As Plaintiff has failed to respond to either of Defendant's Motions to Dismiss or Motion to Enter Order Granting Motion to Dismiss, it is quite clear to the Court that Plaintiff has not met his burden because he has not presented any evidence or argument to establish that he is entitled to equitable tolling. Nevertheless, the Court will examine the applicability of equitable tolling to this action.

Equitable tolling is a doctrine that "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotations omitted). Equitable tolling is only applied in very "limited circumstances." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987). The five factors set forth by the Sixth Circuit to determine whether equitable tolling should be permitted are: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007); *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151

(1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). However, the factors are "not exclusive" and the determination should be made dependent on the facts of a given case. *Id.* Appropriate circumstances in which equitable tolling may be applied include when an employer has made "made affirmative representations which caused the plaintiff-employee to delay filing a claim. . . and in a circumstance where the employee reasonably failed correctly to predict whether a state court would have jurisdiction and, therefore, filed in state court with the ultimate result that her claim was dismissed." *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981).

As discussed above, Plaintiff has not been diligent in pursuing his claims against Defendant. He has not responded to any of its dispositive motions, nor did he object to Magistrate Knowles' Report and Recommendations. Further, it is clear from his Complaint that Plaintiff was put on notice that he could only pursue his claims in federal court if he filed them within the 90-day time frame. (Doc. 1-2 at 1, 3). Therefore, given the notice he received from the EEOC explaining his private suit rights in detail and putting him on notice of the 90-day time limit numerous times, the Court finds that it would be unreasonable for Plaintiff to be unaware of this time limitation. Accordingly, as Plaintiff has filed no opposition to any of Defendant's Motions, has failed to comply with the procedural requirements of Title VII, and has no grounds for equitable relief for his failure to file his claims within the 90-day time period, Defendant's Motion to Dismiss will be **GRANTED** and Plaintiff's claims will be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Doc. 19) is hereby

**GRANTED**, and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.


**SO ORDERED** this 13th day of March, 2014.


_/s/ Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE